

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JAMES MCMACKIN,<br>   Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 6:19-01174-MGL-KFM<br>§ |
| ANDREW SAUL,<br>*Commissioner of Social Security*<br>*Administration*,<br>   Defendant. | §<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT
AND AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS**

  This is a Social Security appeal in which Plaintiff James McMackin (McMackin) seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying his claim for disability insurance benefits (DIB).  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Saul's decision be affirmed.  The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 9, 2020, McMackin filed his objections on July 23, 2020, and Saul filed a reply on July 28, 2020.  The Court has reviewed McMackin's objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

On September 6, 2014, McMackin filed his application for DIB.  He contends his disability commenced on January 19, 2014.  Saul denied McMackin's application initially and upon reconsideration.  McMackin then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on March 26, 2018.

On July 3, 2018, the ALJ issued a decision holding McMackin was not disabled.  The Appeals Council denied McMackin's request for review of the ALJ's decision.  McMackin then filed this action for judicial review with the Court on April 23, 2019.

For purposes of determining whether one is entitled to disability benefits, the term "disability" is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a).  The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite

decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).  Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

McMackin makes just two objections to the Magistrate Judge's Report.  First, he maintains the Magistrate Judge erred in concluding the ALJ adequately evaluated and discussed the conflicting evidence concerning McMackin's mental impairments.  According to McMackin, "[t]he ALJ failed to discuss [his] limitations with carrying out detailed instructions," even though such limitations were noted in the opinions of both Silvie Kendall, Ph.D. (Kendall), and Craig Horn, Ph.D. (Horn), two state agency psychologists.  Objections at 5.  And, as per McMackin, the ALJ's alleged failure to appropriately explain why he excluded these limitations amounts to reversible error under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) (holding it was reversible error when the ALJ failed to explain how the residual functioning capacity assessment accounted for the claimant's limitations in concentration, persistence, or pace).

There is, however, a glaring problem in McMackin's first objection: he misunderstands the applicability of *Mascio* and neglects proper consideration of the substantial evidence standard.  McMackin argues "the ultimate premise of *Mascio*" requires a case "be remanded if the reviewing court is 'left to guess about how the ALJ arrived at his conclusions.'"  Objections at 2 (quoting *Mascio*, 780 F.3d at 367).  But, this Court is not left to guess.

The ALJ determined McMackin's residual functioning capacity (RFC), as it relates to his mental limitations in carrying out detailed instructions, by weighing several different opinions and evaluations, including: (1) the opinions of Drs. Kendall and Horn; (2) the opinion of an

4

independent consultative examiner on contract to the Social Security Administration, Joseph P. Goldsmith, Ed.D. (Goldsmith); (3) the opinion of discharge notes from McMackin's inpatient psychiatric care in September of 2017; (4) the findings of McMackin's physical examination; and (5) the function reports completed by McMackin and his wife.

>Dr. Kendall, on August 18, 2015, stated the following in a mental RFC:

>>1. [McMackin] is able to understand and remember simple instructions and remember detailed instructions.
>>2. [McMackin] is able to carry out short and simple instructions but not detailed instructions. [McMackin] is able to maintain concentration and attention for periods of at least 2 hours.
>>3. [McMackin] is able to respond appropriately to co-workers, supervisors and the general public.
>>4. [McMackin] is able to be aware of normal hazards and take appropriate precautions.

A.R. at 106. Dr. Horn, on April 1, 2016, noted limitations consistent with those by Dr. Kendall. Report at 19 (citing A.R. at 121-23, 130-32).

Conversely, Dr. Goldsmith, on August 11, 2015, opined McMackin "was cognitively intact, had bright normal intelligence, and 'would not have difficulty understanding and focusing on complex task[s].'" Report at 20 (citing A.R. at 1183-85). Also seeming to contradict the opinions of Drs. Kendall and Horn, McMackin's discharge notes from inpatient psychiatric care from September 5-8, 2017, offer somewhat similar conclusions to the opinion of Dr. Goldsmith:

>[McMackin] was noted as alert and oriented to all spheres; he had appropriate appearance, attitude, behavior, and mood; he denied any thoughts of harming himself or others; he had average level of intellectual functioning; and he had marginally improved judgment, insight, and impulse control.

Report at 20 (citing A.R. 1378-1411). Furthermore, McMackin's physical examination findings similarly concur with Dr. Goldsmith, routinely describing "[McMackin] as alert and oriented x3,

with appropriate mood and affect, intact/normal recent and remote memory, as well as good insight and judgement." Report at 20 (citations omitted).

Most notably, McMackin himself, in a function report he and his wife completed in February of 2015, reported no limitations related to his ability to pay attention or to follow written or verbal instructions. A.R. at 253. For instance, when asked "[f]or how long can you pay attention?" McMackin answered, "[d]oes not apply to my illness." *Id*. Likewise, when asked "[h]ow well do you follow written instructions? (For example, a recipe)," McMackin again answered, "[d]oes not apply to my illness." *Id*. And finally, when asked "[h]ow well do you follow spoken instructions?," McMackin answered, "[v]ery well, however does not apply to my illness." *Id*.

Yes, there well may be substantial evidence in the opinions of Drs. Kendall and Horn that supports McMackin's claim. But, as the Court already noted, "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke*, 843 F.2d at 272-73.

Simply put, there is substantial evidence to support the ALJ's decision. And, the Court is unable to find any legal error. Thus, the Court will overrule McMackin's first objection.

McMackin's second objection is an extension of the first. McMackin contends the ALJ's failure to include mental limitations related to detailed instructions "cannot be found harmless since the jobs identified by the [vocational expert] were GED reasoning level 2 and 3 and the lower GED reasoning level of 2 requires the ability to, [a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Objections at 5-6 (citation omitted) (internal quotation marks omitted). In other words, McMackin argues the alleged error of his first objection

6

is especially damaging because the vocational expert determined he was capable of working jobs requiring the ability to understand and carry out detailed but uninvolved instructions.

There is substantial evidence in the record supporting the ALJ's decision not to include limitations in McMackin's RFC concerning his ability to understand and carry out detailed but uninvolved instructions.  Therefore, the Court sees no conflict between the jobs identified by the vocational expert and McMackin's RFC.  As such, the Court will also overrule McMackin's second objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules McMackin's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Saul's decision denying McMackin's claim for DIB is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 30th day of September, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE